IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

MERCEDES TORRES-MEDINA,

     Plaintiff,

     v.

CHRISTINE E. WORMUTH IN HER
OFFICIAL CAPACITY AS
SECRETARY OF THE ARMY,

     Defendant.

CIV. NO. 21-1362 (SCC)

## OPINION AND ORDER

Plaintiff Mercedes Torres-Medina ("Torres"), a former civilian employee of the Army, sued Defendant Secretary of the Army Christine Wormuth ("Wormuth") alleging that her employer discriminated against her because of her disability and retaliated against her for filing discrimination complaints. *See* Docket No. 6, pg. 1. At this juncture, Torres has three live Rehabilitation Act claims: failure to accommodate, hostile work environment, and retaliation. *See* Docket No. 26, p. 21. Wormuth has moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See* Docket No. 41, pg. 1. The Court **DENIES** her motion with respect to all claims.

# I. LEGAL STANDARD

A Rule 12(c) analysis is nearly the same as a Rule 12(b)(6) analysis. *See Aponte-Torres v. Univ. of P.R.*, 445 F.3d 50, 54 (1st Cir. 2006). That is, "we take the well-pleaded facts and the reasonable inferences therefrom in the light most favorable to the nonmovant," *Kando v. R.I. State Bd. of Elections*, 880 F.3d 53, 58 (1st Cir. 2018), and ask whether these facts and reasonable inferences establish a plausible claim for relief, *see Gray v. Evercore Restructuring L.L.C.*, 544 F.3d 320, 324 (1st Cir. 2008). But because a Rule 12(c) motion "implicates the pleadings as a whole," the Court may supplement these facts with "documents fairly incorporated" by the pleadings and "facts susceptible to judicial notice." *Curran v. Cousins*, 509 F.3d 36, 43–44 (1st Cir. 2007) (quoting *R.G. Fin. Corp. v. Vergara-Núñez*, 446 F.3d 178, 182 (1st Cir. 2006)). These documents include the ones that the parties agree are authentic, including those "incorporated into the movant's pleadings"; "documents central to [the] plaintiff['s] claim"; and "documents sufficiently referred to in the complaint." *Id.* at 44 (quoting *Watterson v. Page*, 987 F.2d 1, 3

(1st Cir. 1993)). In the end, judgment on the pleadings is proper "only if the uncontested and properly considered facts conclusively establish the movant's entitlement to a favorable judgment." *Martínez v. Sun Life Assurance Co.*, 948 F.3d 62, 68 (1st Cir. 2020) (quoting *Aponte-Torres*, 445 F.3d at 54).

## II. FACTS & PROCEDURAL HISTORY

From 1995 to 2020, Torres worked for the Army as a civilian. *See* Docket No. 6, ¶ 13. She filed multiple discrimination complaints against her employer during that time, three of which intertwine with this case. *See id.* ¶ 19. In 2018, Torres filed EEO complaint ARUSAR08MAY01869 ("Claim 1869"). *See id.* ¶ 20. In 2019, Torres filed another EEO complaint, ARUSAR19AUG03048 ("Claim 3048"). *See id.* ¶ 21. In 2020, Torres filed a final EEO complaint, ARUSAR20JUL02269 ("Claim 2269"). *See* Docket No. 43-2, pg. 1.

Torres' three claims took different trajectories. Claim 2269 concluded with a Final Decision adverse to Torres, enabling her to file this suit in District Court. *See* Docket No. 53-2, pg. 1. Claim 1869 settled. *See* Docket 43-3, pg. 1. Claim

3048 remains pending before an administrative law judge. *See* Docket No. 57, pg. 8 n.2.

Wormuth previously moved to dismiss all claims. *See* Docket No. 18, pg. 1. Three Rehabilitation Act claims survived her motion to dismiss: reasonable accommodation, hostile work environment, and retaliatory termination. *See* Docket No. 26, pg. 21. Wormuth now moves for judgment on the pleadings for all surviving claims. *See* Docket No. 41, pgs. 1, 4. All Wormuth's arguments center on the factual overlap between Torres' EEO complaints and the claims in this case. At bottom, Wormuth asks this Court to check Torres' alleged noncompliance with the administrative procedures that opened the door to District Court.

Specifying those factual overlaps, however, is far from straightforward. The Court understands that the EEOC construes each factual allegation as a "claim" instead of grouping fact patterns under the umbrella of legal causes of action. *See, e.g.,* Docket No. 53-3, pgs. 1–2 (explaining some factual allegations would be investigated and others dismissed). This analytic difference, combined with Torres'

serial complaint filing in which she repeats or splits up fact patterns underlying her present legal claims, muddies this suit's factual underpinnings. To minimize confusion, the Court addresses the relevant factual intersections within its discussion of each surviving claim.[1]

### III. ANALYSIS

In sum, Wormuth argues that: (1) the reasonable accommodation claim is barred because it was settled or not administratively exhausted; (2) the hostile work environment claim contains time-barred facts or was not administratively exhausted; and (3) the retaliatory termination claim lacks sufficient factual support. The Court considers each argument in turn.

### A.  Reasonable Accommodation

Torres alleges that the Army denied her request to be returned to her prior supervisor after having been transferred to a supervisor against whom she had previously filed EEO complaints. She contends that this denial, in light of her prior

---

[1] For a general discussion of the facts alleged in this case, see Docket No. 26, pgs. 3–5.

and ongoing EEO activity, constituted denial of a reasonable accommodation actionable under the Rehabilitation Act. *See* Docket No. 6, ¶¶ 29–30. Wormuth responds that Torres settled her reasonable accommodation claim or, in the alternative, failed to exhaust her administrative remedies. *See* Docket No. 41, pgs. 11–13; Docket No. 53-1, pg. 7. For the reasons below, neither argument compels judgment on the pleadings.[2]

> ### i.   *Accord and Satisfaction*

Wormuth first argues the Parties' July 2022 settlement of Claim 1869 bars Torres' present reasonable accommodation claim based on accord and satisfaction. *See* Docket No. 41, pgs. 11–13. Accord and satisfaction is a common law contract doctrine that permits an obligee to accept alternate or lesser performance in lieu of what is owed. *See* Restatement (Second) of Contracts § 281 (Am. L. Inst. 1981); *Alvarez Díaz v. Air France*, 787 F. Supp. 258, 260 (D.P.R.

---

[2] Wormuth drops "claim preclusion" into her filings but does not develop a substantive preclusion argument. *See* Docket No. 41, pg. 1. Undeveloped arguments are deemed waived. *See United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990).

1991). "In order for this doctrine to apply, the following requisites must be present: '(1) a claim . . . concerning which a *bona fide* controversy exists; (2) an offer of payment by the debtor; and (3) an acceptance of the offer of payment by the creditor.'" *Gastronomical Workers Union Loc. 610 v. Posadas de Puerto Rico Assocs., Inc.*, 544 F. Supp. 2d 89, 94 (D.P.R. 2008) (quoting *H.R. Elec., Inc. v. Rodríguez*, 114 D.P.R. 236, 240 (1983)). A clear meeting of the minds is required. *See id.*

Considering the numerous intersecting controversies between the Parties, the Court assumes, without deciding, that Torres' supervisor-related reasonable accommodation claim constitutes a bona fide dispute. The real questions, therefore, are whether that claim was asserted in Claim 1869 and covered by that Claim's settlement.

Although there are vague references to rating scheme changes in documents pertaining to Claim 1869, the facts alleged in Claim 1869 do not include a request by Torres to be returned to her prior supervisor or her employer's denial of that request. *See* Docket No. 52-1, pgs. 2, 12–13, 28 (Agency's Motion for Decision Without Hearing); Docket No. 53-4, pgs.

1–2 (Fifth Amended Notice of Acceptance of Discrimination Complaint). Instead, the Claim 1869 reasonable accommodations pertain to Torres' post-stroke medical needs and her request for situational telework. *See* Docket No. 52-1, pgs. 2, 4–7, 9–10, 19–20, 24–25; Docket No. 53-4, pgs. 1–2.

In contrast, Claim 2269 expressly included a reasonable accommodation claim for denying Torres' request to be returned to her prior supervisor. *See* Docket No. 6, ¶¶ 29–31; Docket No. 43-2, pg. 2. In fact, the Department of the Army's Final Decision on Claim 2269 explicitly references a Denial of Accommodation Request document related to Torres' supervisor change request, making clear that Claim 2269 addressed Torres' supervisor-related reasonable accommodation request. *See* Docket No. 53-2, pg. 7. Thus Claim 2269 asserted Torres' supervisor-related reasonable accommodation claim and settled Claim 1869 did not.

To the extent Claim 1869 leaves its inclusion of the supervisor change request unclear, the Negotiated Settlement Agreement does not. The Negotiated Settlement Agreement for Claim 1869 defines the scope of claims satisfied as those

"included in the above captioned complaint"—that is, in Claim 1869. Docket No. 43-3, ¶ 3. And that Agreement expressly excludes all claims involved in the instant federal case, which grew out of the failed administrative resolution of Claim 2269. *See* Docket No. 43-3, ¶¶ 4–5. As the Negotiated Settlement Agreement's scope only extends to claims asserted in Claim 1869 and expressly excluded claims in the present action premised on Claim 2269, it did not cover Torres' supervisor-related reasonable accommodation claim. Therefore, the Claim 1869 settlement does not bar the reasonable accommodation claim presently before this Court.

## ii.  *Failure to Exhaust Administrative Remedies*

In the alternative, Wormuth argues Torres' failure to exhaust administrative remedies presents another bar. *See* Docket No. 53-1, pg. 7. She avers that Claim 2269, the administrative precursor to this suit, did not include a supervisor-related reasonable accommodation claim.

"[T]o properly exhaust . . . administrative remedies, an employee must initiate contact with an EEOC counselor within 45 days of the allegedly discriminatory act." *González*

*Tomasini v. U.S. Postal Serv.*, 594 F. Supp. 3d 355, 390 (D.P.R. 2022). In the First Circuit, the precise exhaustion requirements for Rehabilitation Act suits depend on the section under which a plaintiff sues.[3] Neither party has clarified, and the Court will not presume, the section under which Torres brings this claim.[4]

That said, "Courts generally approach the issue of whether a judicial complaint comes within the parameters of an administrative charge using one of two tests." *Montalvo-Figueroa v. DNA Auto Corp.*, 414 F. Supp. 3d 213, 236 (D.P.R. 2019). "Some courts limit the scope of the judicial complaint to 'the scope of the EEOC investigation which can reasonably be expected to grow out of the charge.'" *Id.* (quoting *Sánchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)). "Other courts hold that 'the judicial complaint . . . may encompass any discrimination like or reasonably related to

---

[3] *See* discussion *infra* Part III(B)(ii)(b) regarding § 501 versus § 504 exhaustion requirements in the First Circuit.

[4] As further discussed below, any motions for summary judgment must make clear the statutory section upon which Torres bases her failure to accommodate claim. *See infra* Part IV.

the allegations of the EEOC charge, including new acts occurring during the pendency of the charge before the EEOC.'" *Id.* (quoting *Oubichon v. N. Am. Rockwell Corp.*, 482 F.2d 569, 571 (9th Cir. 1973)). The First Circuit has employed both tests and generally does not require that a judicial complaint "mirror" the administrative complaint that preceded it. *Id.* at 236–37. As such, exhaustion is not necessarily defeated where a district court action evolves beyond the four corners of an EEO complaint. *See Jorge v. Rumsfeld*, 404 F.3d 556, 565 (1st Cir. 2005); *Díaz-Zayas v. Mun. of Guaynabo*, 600 F. Supp. 3d 184, 197 (D.P.R. 2022).

Here, the allegation that the Army denied Torres' reasonable accommodation request is undated in the Complaint and the Parties have not otherwise furnished a date. *See* Docket No. 6, ¶ 30. Drawing all reasonable inferences in favor of the nonmovant, as required at this stage, the Court presumes Torres timely filed her EEO complaint within 45 days. *See Kando*, 880 F.3d at 58. Whether Torres complied with other exhaustion requirements corresponding to whichever Rehabilitation Act section she sued under was

not briefed. Furthermore, Wormuth does not provide the Court with any argumentation on which First Circuit test applies in this case. Nor does Wormuth explain why the EEOC's clear consideration of the Denial of Accommodation Request, referenced in Wormuth's Exhibit 2 at Docket No. 53-2, pg. 7, falls short of the applicable standard.

The Court will not entertain undeveloped arguments. *See* D.P.R. CIV. R. 7(a)–(b) (stating motions and oppositions shall include citations and supporting authorities); *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones."). Because Wormuth has not demonstrated that Torres' Claim 2269 fails to satisfy the First Circuit's presentment standard, judgment on the pleadings is unmerited. *See* Docket No. 53-3, pgs. 1–2.

## B. Hostile Work Environment

Torres also claims she suffered a hostile work

environment based on numerous acts by her employer.[5] Wormuth responds with two arguments, neither of which was sufficiently fleshed out for the Court to entertain. *See* D.P.R. CIV. R. 7(a)–(b).

### i.   *Time-Barred Facts*

First, Wormuth avers that some facts underlying this claim are time barred. Both parties acknowledge that many allegations underlying the hostile work environment claim are undated. *See* Docket No. 41, pg. 14; Docket No. 52, pg. 7. As the Court draws all reasonable inferences in favor of the non-movant in considering a motion for judgment on the pleadings, the Court cannot assume undated facts alleged in support of the hostile work environment claim are untimely. *See Kando*, 880 F.3d at 58. Even if some facts alleged fall

---

[5] This Court previously noted that this claim survived the motion to dismiss by a slim margin, based primarily on three facts alleged: (1) the false complaint filed by the CXO's lover that contributed to Torres' dismissal; (2) the failure to inform Torres that her workspace had been freshly painted, causing her to become sick; and (3) Torres' poor performance evaluations based in part on her EEO complaints. *See* Docket No. 26, pg. 18. While the complete factual basis of this claim remains murky for the reasons discussed below, the Court remains especially focused on these facts.

outside the 45-day window to file with the EEOC, Wormuth
provides no authority supporting her request that the Court
simply disregard *facts* as time barred. *See* Docket No. 41, pg.
16. Further, Wormuth failed to respond to Torres' argument
that any time-bar arguments should be deemed waived. *See*
Docket No. 52, pg. 7. Due to the lack of developed
argumentation, the Court cannot grant judgment on the
pleadings on this ground.

### ii.  Failure to Exhaust

In the alternative, Wormuth argues that Torres
supports her hostile work environment claim with a mix of
facts alleged in Claim 2269, which is properly before this
Court, and facts alleged in Claim 3048, which remains
pending at the administrative level. *See* Docket No. 53-1, pg.
8. Consequentially, Wormuth argues, without citing to
authority, that this Court should disregard facts also alleged
in Claim 3048. *See* Docket No. 53-1, pgs. 8, 10; Docket No. 41,
pg. 16. Torres concedes some facts alleged in support of her
hostile work environment claim indeed remain pending as
fact-claims in Claim 3048. *See* Docket No. 57, pg. 8. Absent

those facts, Wormuth argues Torres has not demonstrated the requisite hostility for her claim to survive.

In light of the lack of legal authority provided to support Wormuth's position, the Court construes it as another failure to exhaust argument. The Court has identified two crucial, but thus far unbriefed, issues nested within Wormuth's presumed argument. First, Wormuth provides no case law supporting her request that the Court disregard *facts* alleged in pending Claim 3048 from its consideration of this hostile work environment claim. Second, Wormuth failed to brief the First Circuit and this District's position on the Rehabilitation Act's exhaustion requirement.[6] The Court reminds Wormuth of her "obligation not merely to make claims, but to develop them," and cautions that she "act[s] at . . . [her] peril in leaving 'the court to do counsel's work.'" *United States v. Bruno-Campos*, 978 F.3d 801, 809 (1st Cir. 2020) (quoting *United States v. Flete-García*, 925 F.3d 17, 37 (1st Cir.

---

[6] Even if the First Circuit has yet to pass on this matter, Wormuth could have cited to other Districts under the First Circuit's umbrella to provide the Court with the benefit of persuasive authority.

2019)).   Although the Court is "reluctant to reward" bare-bones argumentation, it highlights the following issues to streamline briefing in motions for summary judgment. *Flete-García*, 925 F.3d at 38.

### a. Facts Versus Claims

Wormuth requests that the Court ignore *facts* alleged that remain pending before an administrative tribunal or were listed in settled Claim 1869. *See* Docket No. 53-1, pgs. 8–10; Docket No. 41, pg. 16. Yet Wormuth fails to explain how her arguments sounding in justiciability of or abstention regarding *claims* empower the Court to weed out certain *alleged facts*.

Again, based on the Court's understanding of the arguments advanced by Wormuth and the documents attached to her Motion for Judgment on the Pleadings, the Court understands that the EEOC considers each alleged discriminatory incident a "claim." Meanwhile, Courts consider alleged discriminatory incidents "facts" which may support a legal claim of discrimination.

Torres strayed into uncomfortable territory by sweeping "fact-claims" still pending before the EEOC into the instant action's legal claim of hostile work environment. She includes facts alleged or within ambit of the investigation conducted in Claim 2269, which Wormuth has not shown to be improperly exhausted.[7] But facts within ambit of Claim 2269 are not the only ones alleged in support of the hostile work environment claim – so are facts expressly rejected from consideration in Claim 2269 because they remain pending as part of Claim 3048. *See* Docket No. 53-3, pgs. 1–2. Two such facts alleged in Claim 3048—the false complaint and painting Torres' workspace without notice—are facts the Court found tipped the scale in favor of this claim surviving the prior motion to dismiss. *See* Docket No. 26, pgs. 18–19. As a result, Torres' hostile work environment claim in effect straddles exhaustion and non-exhaustion when each fact underpinning it is evaluated and traced back to the EEO claim in which it

---

[7] *See* discussion *supra* Part III(A)(ii) on Torres' reasonable accommodation claim.

was originally asserted.

While both parties make arguments on exhaustion or waivers, neither adequately briefed the full implications of these arguments for the Court.[8] So the Court finds itself with a *legal claim* properly before it, supported by some *facts* alleged in Claim 2269 and, according to Wormuth, at least some *facts* improperly before the Court yet instrumental to the hostile work environment claim's survival. Although Wormuth asks the Court to throw out facts alleged in pending Claim 3048, she provides no case law, and the Court has found none, outlining a procedural mechanism for excising non-exhausted *facts* from a properly brought *claim* when deciding a motion for judgment on the pleadings. *See* Docket No. 53-1, pgs. 8, 10; Docket No. 41, pg. 16. Because Wormuth has not provided the Court with a clear picture of what facts this Court can consider in support of Torres' hostile work environment claim, and how, if at all, this Court can excise

---

[8] Arguments that were made were not supported with case law from this Circuit or did not clearly demonstrate cases' applicability to Rehabilitation Act claims.

facts alleged in another EEO claim from consideration of the instant hostile work environment claim, judgment on the pleadings is inappropriate.

### b. The Nature of the Rehabilitation Act's Exhaustion Requirement

In asking the Court to ignore fact-claims still pending in Claim 3048, the Court construes Wormuth's concern to be Torres' non-compliance with the applicable exhaustion requirements of the Rehabilitation Act. The applicable exhaustion requirement and its nature, however, remain unclear and unbriefed.

"According to the terms of the . . . Rehabilitation Act, federal agencies [can] 'be sued for violation of either section 501 or 504 of the Act.'" *Bartlett v. Dep't of the Treasury (I.R.S.)*, 749 F.3d 1, 7 (1st Cir. 2014) (quoting *Spence v. Straw*, 54 F.3d 196, 199 (3d Cir. 1995)). "If a federal employee sues under § 791 (section 501 of the Rehabilitation Act), Title VII's remedies and administrative processes apply," barring a plaintiff "from suing a federal agency for violation of section 501 [29 U.S.C. § 791] if he or she has failed to exhaust administrative remedies

under Title VII." *Id.* (alterations in original). Yet the First Circuit has left open the nature and scope of this bar. Specifically, the First Circuit has not yet decided whether failure to exhaust administrative remedies represents a jurisdictional defect or a mandatory, yet waivable, precondition for Section 501 suits.[9] *Cf. González Tomasini*, 594 F. Supp. 3d at 390; *Rivera-Muñoz v. Shinseki*, 212 F. Supp. 3d 306, 309 (D.P.R. 2016).

On the other hand, "an aggrieved federal employee also may sue for a violation of § 794, which may be redressed through the remedies and procedures set forth in Title VI of the Civil Rights Act, for which exhaustion is not required." *Bartlett*, 749 F.3d at 7–8. "'In theory, then, an individual who brings a claim under section 794 rather than section 791 could avoid Title VII's administrative exhaustion requirement.'" *Rivera-Muñoz*, 212 F. Supp. 3d at 309 (quoting *Vázquez–Rivera v. Figueroa*, 759 F.3d 44, 47 n.2 (1st Cir. 2014)). Nonetheless, the

---

[9] Other circuits have found that "failure to administratively exhaust a § 501 claim *is* a jurisdictional defect." *Williams v. Perdue*, 613 F. Supp. 3d 437, 444–45 (D.D.C. 2020), *aff'd*, No. 20-5133, 2020 WL 9595288 (D.C. Cir. Nov. 23, 2020) (emphasis in original).

First Circuit has indicated it may follow the other circuits which "have uniformly held that a federal employee wishing to bring suit under the Rehabilitation Act must first exhaust administrative remedies." *Vázquez–Rivera*, 759 F.3d at 47 n.2.

Although the Parties dispute whether Wormuth waived this argument, the Court finds the briefing insufficient to evaluate Wormuth's presumed exhaustion argument at all. Additionally, Torres does not indicate in her Complaint under which section of the Rehabilitation Act she brings her hostile work environment claim.[10] The section Torres sues under determines the exhaustion analysis that applies. As with her other arguments, Wormuth failed to meet her burden and the Court must deny judgment on the pleadings for this claim.

### C. Retaliatory Termination

Finally, Torres claims her employer fired her because of her discrimination complaints. *See* Docket No. 6, ¶ 47.

---

[10] Torres brought her second cause of action (retaliation) under § 504. It is not clear from the Complaint whether she is invoking § 501 or § 504 for her first cause of action (discrimination).

Wormuth claims, without any argument, that there is no sufficient factual basis to find that Torres was fired for retaliatory reasons. *See* Docket No. 41, pgs. 4–5. Nonetheless, the Order denying Wormuth's Motion to Dismiss at Docket No. 18 explained there *is* a sufficient factual basis for this claim, *see* Docket No. 26, pgs. 13–15, and a Rule 12(c) analysis is nearly the same as a Rule 12(b)(6) analysis. *See Aponte-Torres*, 445 F.3d at 54. Because Wormuth provides no argument as to why the facts alleged and deemed sufficient for this claim to survive a motion to dismiss are now insufficient to survive a motion for judgment on the pleadings subject to essentially the same legal standard, she has not met her burden. Accordingly, the Court also denies judgment on the pleadings on this claim.

## IV.    CONCLUSION

In sum, Wormuth failed to meet her burden on all arguments advanced in support of her motion for judgment on the pleadings. Based on the underdeveloped factual record and the arguments before it, the Court **DENIES** Wormuth's motion for judgment on the pleadings for all claims.

The Parties may file motions for summary judgment with supporting documentation by October 30, 2023. They shall further inform the Court by that date whether they are amenable to settlement negotiations and if they consent to magistrate judge jurisdiction.

Should the Parties continue to pursue exhaustion arguments in motions for summary judgment, they must address the following issues:

(1) Under what provision of the Rehabilitation Act does Torres bring her hostile work environment claim?

(2) Is the exhaustion requirement of the applicable provision(s) of the Rehabilitation Act jurisdictional or a mandatory prerequisite subject to waiver?

(3) If the exhaustion requirement is not jurisdictional, has the applicable First Circuit test been satisfied or has Wormuth waived any exhaustion defenses?

(4) If Torres satisfied the exhaustion requirement for fact-claims pursued as part of Claim 2269 but not for fact-claims still pending in Claim 3048, what precedent exists detailing a procedural mechanism for ignoring

*facts* improperly before the Court where the *legal claim* they support is properly before the Court?

(5) If no such procedural mechanism exists for excising non-exhausted *facts* from a *claim* containing other exhausted facts, does that cross-contamination oblige the Court to dismiss the entire impacted claim?

The Court expects all future briefing to present fully developed arguments rooted in case law. "Judges are not expected to be mindreaders. Consequently, a litigant has an obligation to spell out its arguments squarely and distinctly, or else forever hold its peace." *Zannino*, 895 F.2d at 17 (quoting *Rivera–Gómez v. de Castro,* 843 F.2d 631, 635 (1st Cir. 1988)).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 28th day of September 2023.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE