IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| MERCEDES TORRES MEDINA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTINE E. WORMUTH IN HER OFFICIAL CAPACITY AS THE SECRETARY OF THE ARMY, ET. AL.,<br><br>Defendants. | CIV. NO.: 21-1362 (SCC) |

**OMNIBUS OPINION AND ORDER**

Pending before the Court are a series of motions *in limine* filed by Plaintiff Mercedes Torres Medina ("Plaintiff"), s*ee* Docket Nos. 160, 161, and Defendants Christine E. Wormuth, Secretary of the Army, the Department of the Army, and the United States of America (collectively, the "Defendants"), s*ee* Docket Nos. 155, 156, 157, 158, 159. The Parties did not oppose each other's requests. Each request will be addressed in turn.

### I. DOCKET NO. 155

Defendants have requested that the Court bar Plaintiff's witnesses from "volunteer[ing], inject[ing], disclos[ing], stat[ing], or mention[ing] to the jury any of the

matters set forth in the [thirteen] numbered paragraphs below."  Docket No. 155, pg. 1.  The numbered paragraphs include requests to bar references to the administrative process, proposed settlements, damages, amongst others.  *Id.* at pgs. 2–4.  With the exception of excluding any reference to settlement discussions or offers, the Court cannot anticipatorily rule on the admissibility of said testimony; instead, it will rule on the testimony if and when it arises at trial.  Thus, Defendants' request is **GRANTED in part** as to the matter of settlement (Request #10) but **DENIED in part** as to all other matters.

## II.  DOCKET NO. 156

Defendants have moved the Court to exclude testimony by Plaintiff or any other witness "that amounts to merely a conclusory and unsupported allegation, opinion or belief" that Plaintiff was retaliated against, subjected to a hostile work environment, or not provided with reasonable accommodations.  Docket No. 156, pg. 1.  Defendants contend that such testimony "does not constitute proof" and is, thus, irrelevant under Federal Rule of Evidence 402 ("Rule 402").  *Id.* at pg. 3.  The Court cannot anticipatorily rule on the admissibility of said testimony; instead, it will rule on the testimony if and when it arises at trial.  Thus, Defendants'

request is **DENIED**.

### III. DOCKET NOS. 157, 159, 161

Defendants and Plaintiff have both moved to exclude evidence concerning matters previously resolved by the Court on the grounds that such evidence is irrelevant under Rule 402. Docket Nos. 157, 159, 161. Specifically, the Parties ask that the Court exclude evidence related to Plaintiff's prior claims of disability discrimination under the Rehabilitation Act and retaliation under Title VII, as both claims were previously dismissed by the Court. *See* Docket No. 131. The Court **GRANTS** the Parties' requests. Accordingly, no party may present evidence related to the two previously dismissed claims at trial.

However, Plaintiff caveats that she does not seek to exclude otherwise admissible historical evidence relevant to the remaining claims. Docket No. 161, pg. 4. Given the need for clarification, the Court will hold a Final Pretrial Conference during which this and other outstanding matters will be discussed.[1] In the meantime, the Court **HOLDS IN ABEYANCE** this particular aspect of Plaintiff's motion.

### IV. DOCKET NO. 158

Defendants have moved the Court to exclude

---

[1] The Final Pretrial Conference will be scheduled by a separate order.

numerous trial exhibits proposed by Plaintiff on the grounds that they constitute inadmissible hearsay under Federal Rule of Evidence 802. Docket No. 158.  Defendants do acknowledge, however, that such statements may be presented for impeachment purposes. *Id.* at pg. 2.  To note, many of these proposed exhibits were thereafter withdrawn by Plaintiff. *See* Docket No. 162.  As to those exhibits which remain, the Court will rule on the admissibility of the same if and when they are introduced at trial.  Thus, Defendants' request is **DENIED in part and MOOT in part**.

## V.  DOCKET NO. 160

Plaintiff has moved the Court to exclude several trial exhibits proposed by Defendants relating to the administrative process on the grounds they are irrelevant under Rule 402.  As mentioned above, given the need for clarification, the Court will discuss this and other outstanding matters at a Final Pretrial Conference.  In the meantime, the Court **HOLDS IN ABEYANCE** Plaintiff's motion.

## VI. CONCLUSION

In view of the above, Defendants' request at Docket No. 155 is **GRANTED in part and DENIED in part**; Defendants' request at Docket No. 156 is **DENIED**; Defendants' request at Docket No. 157 is **GRANTED**;

Defendants' request at Docket No. 158 is **DENIED in part and MOOT in part**; Defendants' request at Docket No. 159 is **GRANTED**; Plaintiff's request at Docket No. 160 is **HELD IN ABEYANCE**; and Plaintiff's request at Docket No. 161 is **GRANTED in part and HELD IN ABEYANCE in part**.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 27th day of July 2026.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE